UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

DANIEL J. ENGLISH, II,            )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )    3:04-cv-0208-JDT-WGH
                                  )
BRAD HILL, Evansville Police Department )
Chief; and EVANSVILLE POLICE      )
DEPARTMENT,                       )
                                  )
        Defendants.                )

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOCUMENT NO. 44) AND ORDER ALLOWING PLAINTIFF TO SHOW CAUSE[1]**

Plaintiff alleges that he was severely beaten during his arrest and that he suffered severe injuries as a result. He brought this action under 42 U.S.C. § 1983 alleging use of excessive force and intentional infliction of emotional distress. He sued Brad Hill, Chief of the Evansville Police Department, and the Evansville Police Department. Defendants have denied the claims. Now before the court is Defendants' Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Though the time for filing a response has passed, the Plaintiff has not responded to the motion, despite the fact that proper notice was sent to him. Therefore, the motion is ripe for summary ruling pursuant to Local Rule 7.1(a). It appears that the Plaintiff did not respond because he had nothing to offer that would rebut the defense's factual assertions.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

I.  **Background**

Plaintiff Daniel J. English, II claims that on or about September 21, 2003, he was arrested by the Evansville Police Department ("EPD") and he surrendered to the police. He alleges that after surrendering, he was beaten severally with a nightstick, resulting in severe injuries including a broken nose, extensive hemorrhaging on the right side of his head, scarring on his head, neurological damage to his neck, and memory loss. Mr. English sued Brad Hill, in his capacity as Chief of the EPD as well as the EPD.

Defendants seek summary judgment on all claims. They contend that Plaintiff's rights were not violated; the arresting officers used objectively reasonable force to effect Plaintiff's arrest. They also contend that Plaintiff has not alleged a custom, policy, or practice that caused him harm and that they are immune to the claim for intentional infliction of emotional distress.

II. **Material Facts Supporting Summary Judgment**

These facts are taken from the Defendants' summary judgment submission. The Plaintiff's failure to respond to that submission, in combination with the effect of Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1(e) of this court, allows the court to take these facts as the Defendants submitted them. These facts are supported by the materials cited in the Defendants' brief and are uncontested.

Mr. English sued Brad Hill because he believed that Hill was the Chief or supervisor of the arresting officers and sued EPD because it employs the arresting

officers.  Mr. English has not sued the Defendants for any policy of the EPD and he did not identify any EPD custom or practice for which he has sued the Defendants.

Sergeant Dave Molinet is a trained, experienced, and accomplished canine handler.  He is knowledgeable and skilled in the use of police service dogs for patrol and narcotics detection.  His training and qualifications as a police officer and a canine officer/handler meet and exceed the State of Indiana's standards as promulgated by Indiana's Law Enforcement Training Board.  Sgt. Molinet has exceeded in-service training requirements for the period from January 1, 2000 through the date of Plaintiff's arrest.  He has been a certified and active canine handler since 1990.  The EPD's Canine Standard Operating Procedures in effect at the time of Plaintiff's arrest complied with acceptable standards within the police canine community.  EPD canines are trained in accordance with the "bite and hold" method of apprehension.  EPD canine officers generate and maintain adequate and detailed reports in the course of business.

Ben is a well-trained police canine who acted appropriately and in accordance with his training in all of his deployments and apprehensions.  Ben never exhibited a vicious character or caused Sgt. Molinet to be concerned with his behavior.  When injury occurred in a bite and hold apprehension, it was related to the behavior and resistance put forth by the person being apprehended; the injury was never caused by vicious or inappropriate conduct by Ben.  Thus, Sgt. Molinet had no reason to report a problem with Ben and EPD records contain no information that would have caused Molinet's superiors to be concerned with Ben.  In May 2003, Ben was judged the top dog out of approximately 40 dogs in a police canine association regional competition.

Officer Nick Henderson is a well-trained and experienced law enforcement officer. His training and qualifications meet and exceed that promulgated by Indiana's Law Enforcement Training Board. Officer Henderson, like Sgt. Molinet, has been decorated with the Gold Merit Award which is awarded for performing with distinction, gallantry, and courage when one's life is in danger. Officer Henderson had exceeded the requirements of in-service training for the period from January 1, 2000 through the date of English's arrest.

At midnight on September 22, 2003, Sgt. Molinet was on duty when he responded to an automobile theft call from dispatch. Officer Rick Eberhard found the stolen vehicle in the Central High School parking lot. The officer observed Mr. English run on foot from the stolen vehicle. Sgt. Molinet arrived at the scene and began a track from the stolen vehicle with his canine, Ben. Ben tracked Mr. English through a grassy field and playground until the canine apprehended him hiding in a shallow depression created by a rotting tree stump. The area where Mr. English was hiding was very dark; there were no street lights. Mr. English was lying face down in the depression. Ben apprehended him on his right forearm. Sgt. Molinet determined that Mr. English was unarmed and had Ben release him. Mr. English attempted to get to his feet, so Sgt. Molinet ordered him to remain on the ground or else he would release Ben. Mr. English yelled obscenities at Sgt. Molinet and ignored his command to remain on the ground.

Officer Henderson was posted on the perimeter of a canine search area when he heard Sgt. Molinet yelling. Henderson ran to Molinet's location and both officers ordered English to stay on the ground. Mr. English did not obey their commands and

4

began to get up.  Officer Henderson forced Mr. English back to the ground with his knee in his back.  Henderson also used his flashlight to push his shoulder blades downward.  As a result of Mr. English's resistance, he received a small abrasion above his right eye.  After Officer Henderson had Mr. English back on the ground, he ordered him to place his hands behind his back.  He did not.  So Officer Henderson put more pressure on Mr. English's back with his knee until he was able to gain access to his hand and handcuff him.  At 12:13 a.m. Mr. English was transported to the hospital where he was treated and released.  He was then taken to EPD headquarters where he was charged with Auto Theft, Possession of a Legend Drug, and Resisting Law Enforcement.  Mr. English eventually pled guilty, was convicted of Auto Theft, and sentenced to a term of imprisonment.

     Sgt. Molinet and Officer Henderson notified their superiors of the use of force against Mr. English.  Sgt. Molinet prepared a "K-9 Apprehension Report" and Officer Henderson prepared an Officer's Report.  The use of force was reviewed by Sgt. Allan Goodwin who found that Molinet and Henderson acted appropriately and in accordance with the EPD's standard operating procedures.  The use of force was justified and reasonable in light of the circumstances known to the officers at the time: (1) Mr. English was a fleeing felon, (2) it was unknown whether he was armed, (3) he was resisting law enforcement and their lawful and reasonable commands, and (4) he was a threat to officer safety.

     At the time of Mr. English's apprehension and arrest, Brad Hill held the rank of Captain and was the Operations Commander of the Motor Patrol Division of the EPD.

He did not have final decision policymaking authority for EPD and was not appointed Chief until January 1, 2004. Hill was not on duty and had no involvement in English's apprehension and arrest on September 22, 2003. Sgt. Molinet and Officer Henderson acted in accordance with their training and Ben acted in accordance with his training as well. Both Molinet and Henderson were enforcing the law and acting within the scope of their employment in apprehending and arresting Mr. English.

### III.     Conclusions of Law

#### A.     Summary Judgment Standard

The federal summary judgment standard requires no discussion as it has been fully analyzed, especially since the Supreme Court directed clarity in the understanding of this concept in 1986. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The absence of opposition to the Defendants' factual presentation essentially dooms the Plaintiff's suit. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

#### B.     Claims Against EPD

As an initial matter, it is noted that the EPD is a department of the City of Evansville and not a separate, suable entity. *See Gray v. City of Chicago*, 159 F. Supp.

2d 1086, 1089 (N.D. Ill. 2001); *Gillespie v. City of Indianapolis*, 13 F. Supp. 2d 811, 816 (S.D. Ind. 1998), *aff'd*, 185 F.3d 693 (7th Cir. 1999). The claims against EPD are therefore dismissed.

### C. § 1983 Claims

Mr. English's § 1983 claims against Brad Hill in his capacity as the Chief of EPD are claims against the City of Evansville (the "City") and are treated as such. *See Kentucky v. Graham*, 473 U.S. 159, 165-69 (1985). A municipality cannot be liable under § 1983 just because it employs a wrongdoer; a municipality cannot be liable under § 1983 respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality can be liable under § 1983 only where execution of its custom or policy causes the injury. *Id.* at 694. A "custom or policy" for § 1983 purposes is: (1) "an express policy that, when enforced, causes a constitutional deprivation;" (2) "a 'widespread-practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law;" or (3) "an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005); *see Monell*, 436 U.S. at 690-91. Mr. English has not presented any evidence that the City had any unconstitutional policy or wide-spread practice that caused his alleged injuries. Nor has he offered any evidence that a person with final decision policymaking authority caused the alleged injuries.

Alternatively, Mr. English could hold the City liable under § 1983 by showing that its failure to train its police officers amounted to deliberate indifference to the rights of persons with whom the police came into contact. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989); *Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006). However, Mr. English offers no evidence of a custom or policy of inadequate training or of deliberate indifference to the rights of persons with whom the police came into contact. Instead, the only evidence in the record addressing this point supports a finding that the City has a policy of adequately training its police officers and that Sgt. Molinet, Officer Henderson, and the canine Ben were adequately trained. Thus, Plaintiff's § 1983 claim against the City fails for lack of evidentiary support.

### D. Claim for Intentional Infliction of Emotional Distress

Mr. English's claim for intentional infliction of emotional distress does not withstand scrutiny either. That claim is barred by the Indiana Tort Claims Act which makes the Defendants immune from liability because the officers were acting within the scope of their employment at the time of Mr. English's apprehension and arrest.[2] Ind. Code § 34-13-3-3(8) ("A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he adoption and enforcement of . . . a law"); *Estate of O'Bryan v. Town of Sellersburg*, 2004 WL 1234215, at *22-23 (S.D. Ind. May 20, 2004) (granting summary judgment to police officers on claims for negligent/intentional infliction of emotional distress based on

---

[2] Mr. English offers no evidence to suggest that anyone acted outside the scope of his employment.

immunity under Indiana Tort Claims Act); *City of Anderson v. Weatherford*, 714 N.E.2d 181, 185-86 (Ind. Ct. App. 1999) (holding arresting officers immune from suit claiming intentional infliction of emotional distress based on their execution of a valid arrest warrant). Accordingly, the claim for intentional infliction of emotional distress against Brad Hill fails to survive summary judgment.

## IV.    Conclusion

As explained above, the claims against the Evansville Police Department should be dismissed and based on the record before the court, summary judgment should be granted on all other claims of the Plaintiff. Accordingly, the court **VACATES** the October 30, 2006 trial date and all other associated deadlines, including the September 25, 2006 status conference before Magistrate Judge William G. Hussmann, Jr., and the Order of Magistrate Judge Hussmann, Jr., dated July 25, 2006, directing the Plaintiff to submit to a mental examination, as these all appear unnecessary in light of the above discussion.

However, the Plaintiff is proceeding without counsel and has been without counsel since May 9 of this year. And the court is aware that the Plaintiff has alleged that he was severely beaten during his apprehension and arrest, allegedly resulting in extensive hemorrhaging on a side of his head, scars on his head, and neurological damage to his neck. At his deposition he testified to memory loss as a result of his alleged injuries. Given these allegations, perhaps the Plaintiff can show a good and sufficient reason for not responding to the summary judgment motion in a timely manner

despite the fact that he received appropriate notice as required under Rule 56 and Local Rule 56.1.

Therefore, the Plaintiff is **ALLOWED** to and including **September 29, 2006**, within which to show cause with proper supporting documentation (1) why he could not respond timely to the Defendants' Motion for Summary Judgment, and (2) that entry of summary judgment is not appropriate. If the Plaintiff does not show cause within the time allowed, then Defendants' Motion for Summary Judgment (document number 44) will be granted.

Regardless of whether the Plaintiff shows cause, the claims against the Evansville Police Department will be **DISMISSED**.

ALL OF WHICH IS ENTERED this 30th day of August 2006.

John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William G. Hussmann, Jr.

David L. Jones
Bowers Harrison LLP
dlj@bowersharrison.com

Robert W. Rock
Bowers Harrison LLP
rwr@bowersharrison.com

Daniel J. English II
901 East Olmstead
Evansville, IN 47711